UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 19-00145 |
| RICHARD SANSBURY | SECTION: T (4) |

**ORDER AND REASONS**

Before the Court is a petition for relief filed by Defendant Richard Sansbury in the above-captioned matter. R. Doc. 137. Mr. Sansbury pleaded guilty without a plea agreement to a three-count Indictment charging him and a co-defendant with conspiracy to commit the armed robbery of a pharmacy ("Count One"), commission of said armed robbery ("Count Two"), and discharging a firearm during and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A)(iii) ("Count 3"). R. Doc. 1; *see also* R. Doc. 75. He was sentenced to 120 months incarceration as to Count One and 121 months as to Count Two, to be served concurrently. R. Doc. 115. As to Count Three, Mr. Sansbury was subject to a mandatory minimum sentence of 120 months required to run consecutively to his sentences on all other counts. *See* § 924(c)(1)(A)(iii); (D)(ii). This resulted in a total sentence of 241 months incarceration. R. Doc. 115. On direct appeal, the Court of Appeals for the Fifth Circuit affirmed Mr. Sanbury's sentences on all grounds raised, and his petition for a writ of certiorari was denied by the Supreme Court. *See United States v. Sansbury*, 66 F.4th 612, 613 (5th Cir.), *cert. denied*, 144 S. Ct. 362 (2023). Mr. Sansbury now asks the Court to vacate his conviction and sentence as to Count Three, arguing his Count One conspiracy conviction cannot serve as a predicate crime of violence necessary for conviction under § 924(c)(1)(A) following the

1

Supreme Court's ruling in *United States v. Davis*, 588 U.S. 445 (2019). The Government has responded in opposition. R. Doc. 141. Having considered the parties' arguments, along with the applicable law and facts, the Court will DENY Mr. Sansbury's Motion.

As an initial matter, the Court notes that although Mr. Sansbury has styled the instant petition as a motion for resentencing pursuant to the All Writs Act, 28 U.S.C. § 1651, "[i]t is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing." *United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019) (quoting *Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011)). Accordingly, "[a]ny motion filed in the district court that imposed the defendant's sentence that is substantively within the scope of § 2255, is a motion under § 2255 regardless of the title the defendant gives the motion." *United States v. Stevenson*, 2012 WL 12953728, at *1 (E.D. La. Feb. 23, 2012) (*citing Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)). As the Government argues, the relief Mr. Sansbury seeks here falls squarely within the substantive gambit of 28 U.S.C. § 2255. *See* R. Doc. 141 at 3–4; *see also* § 2255(a). The Court must thus construe Mr. Sansbury's motion as an initial petition for relief pursuant to § 2255.

In *United States v. Davis*, the Supreme Court struck down portions of § 924(c) as unconstitutionally vague. *See* 588 U.S. at 470. It explained, as is relevant here, that a conviction for conspiracy to commit robbery cannot serve as the predicate crime of violence necessary for conviction under § 924(c)(1)(A) because a conspiracy itself is not a felony that categorically "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," even if the criminal aims of the conspiracy may. § 924(c)(3)(A); *see* 588 U.S. at 455–62. On this basis, Mr. Sansbury argues he is not guilty of discharging a firearm in

2

relation to a crime of violence under § 924(c)(1)(A)(iii) because his Count One conviction for conspiracy to commit armed robbery does not qualify as a crime of violence as defined by § 924(c)(3)(A). R. Doc. 137 at 3–5. However, as the Government points out, the Indictment to which Mr. Sansbury pleaded guilty explicitly charged him with discharging a firearm "during and in relation to a crime of violence . . . that is, armed robbery involving controlled substances . . . as set forth in *Count 2* of this Indictment[.]" R. Doc. 1 at 3–4 (emphasis added). Mr. Sansbury's argument that the conspiracy charged in Count One cannot serve as the predicate crime of violence necessary for conviction under § 924(c)(1)(A), while not incorrect, is thus irrelevant: the qualifying predicate crime of violence for Count Three was not Count One's conspiracy to commit robbery, but rather the *substantive* robbery charged in Count Two. Even with the benefit of the liberal construction afforded to *pro se* litigants, Mr. Sansbury raises no relevant argument in support of his initial petition for relief under § 2255, and it must be denied.

Should the Court so hold, Mr. Sansbury seeks the appointment of counsel to represent him in connection with these collateral proceedings. *Id.* at 2–3. A court considering a § 2255 petition must appoint counsel to a financially eligible defendant if it does not, after initial review, determine that it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[,]" and therefore orders discovery to be conducted as to any potentially meritorious claims and an evidentiary hearing held. Rules Governing Section 2255 Proceedings for the United States District Courts (the "§ 2255 Rules"), Rule 4; *see also* Rules 6 and 7. 18 U.S.C. § 3006A(a)(2)(B) also permits a court to appoint representation for a financially eligible defendant seeking relief under § 2255 if it "determines that the interests of justice so require[.]" However, as explained *supra*, it is plain on the face of Mr. Sansbury's petition that he

3

is not entitled to the relief he seeks. Thus, no discovery or evidentiary hearing on the instant claims is necessary, and Mr. Sansbury is not entitled to appointed counsel under the § 2255 Rules. Nor do the interests of justice require the appointment of counsel to represent him. Accordingly;

**IT IS ORDERED** that Mr. Sansbury's § 2255 Petition and Motion for the Appointment of Counsel, R. Doc. 137, is **DENIED**.

New Orleans, Louisiana, this 14th day of June, 2024.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE