UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                              CRIMINAL ACTION

VERSUS                                                NO: 19-145

RICHARD SANSBURY                                      SECTION: T


**<u>ORDER AND REASONS</u>**

Before the Court is Defendant's Motion to Vacate filed pursuant to 28 U.S.C. § 2255. R.

Doc. 149. The Government has filed a response in opposition. R. Doc. 151. Defendant, though

permitted to do so, *see* Order, R. Doc. 150, has chosen not to file a reply. For the reasons set forth

below, the Court will deny Defendant Richard Sansbury's Motion to Vacate Pursuant to 28 U.S.C.

§ 2255.[1]

---

[1] The Court acknowledges that the motion is technically a successive motion under § 2255 and that Defendant would have been required to obtain authorization before filing. *See* 28 U.S.C. § 2255(h). However, Defendant was not warned that his prior Motion for Resentencing and Motion for Appointment of Counsel would be construed as a § 2255 motion and that there would be restrictions on any subsequent motion; moreover, he was not allowed the opportunity to withdraw the motion or to amend it so that it contains all of the § 2255 claims that he believes he may have. *See United States v. Cisneros*, 755 F.App'x 422, 423 (5th Cir. 2019). As the Government suggests, the Court will address the issues raised in Defendant's present § 2255 motion, rather than retroactively attempt to comply with *Castro v. United States*, 540 U.S. 375, 381 82 (2003) (emphasizing that, "by recharacterizing as a first § 2255 motion a pro se litigant's filing that did not previously bear that label, the court may make it significantly more difficult for that litigant to file another such motion"). As the Government points out, the current motion pursuant to § 2255 was labeled as such and, furthermore, was timely filed within the one-year time limitation. R. Doc. 151, p. 4; 28 U.S.C. § 2255(f).

BACKGROUND

According to the Factual Basis, R. Doc. 75, Defendant and Alan Parson traveled from Indiana to rob a CVS pharmacy in New Orleans. They entered the pharmacy just after 6:00 a.m. The manager called the police, while Defendant forced the cashier into the restroom and zip tied his hands. The perpetrators then moved to the back of the store, where they forced the pharmacist to the ground at gunpoint, zip tied him, and proceeded to take the narcotics. After they took the narcotics, the perpetrators were leaving the store as the police arrived. They began shooting at the police, eventually running out of the store as they fired at the officers. One of the officers was shot, as were both perpetrators. Defendant was arrested nearby a few hours later with a gunshot wound.

A federal grand jury charged Defendant and Parson with conspiring to commit an armed robbery of a pharmacy, armed robbery of a pharmacy, and discharging a firearm in furtherance of a crime of violence, namely the armed robbery. R. Doc. 1. Defendant pleaded guilty as charged, R. Doc. 74, and the Court sentenced him to 241 months, consisting of 121 months on the conspiracy and substantive robbery counts, to be followed by a mandatory consecutive term of 120 months for the Section 924(c) discharge offense. R. Doc. 115.

Defendant appealed, and the Fifth Circuit Court of Appeals affirmed this Court's judgment in an opinion issued on May 1, 2023. *See* R. Doc. 139. The Supreme Court denied certiorari in a letter dated October 30, 2023. R. Doc. 143.

Defendant timely filed the instant motion pursuant to Section 2255.[2] The motion raises

four grounds for relief:

> • When I was charged with 924(c) because the statutory text contains two distinct[] crimes no matter which one they charge me or indict me with they both incorporate use and possession and in doing so it journalized my conviction and failed to prove that I violated a codified federal statute. R. Doc. 149 at 4.
> • In order to be convicted and prosecuted for a conspiracy you have to congregate or assemble more than one time to constitute conspiracy. R. Doc. 149 at 5.
> • Any time a convict or defendant is sentenced under the misinterpretation of a federal statute they can file a claim for actual innocence. R. Doc. 149 at 7.
> • The misinterpretation or mistaken interpretation of one or more of the statutes I was prosecuted under clearly establishes that there have been a [miscarriage] of justice. That is, if a statute properly interpreted, didn't apply to a defendant, then the defendant is actually innocent of the offense and could have a defaulted claim heard on the merits. R. Doc. 149 at 8.

LAW and ANALYSIS

Courts construe a *pro se* litigant's pleadings liberally, holding him or her to "less stringent

standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

*Pro se* litigants, however, "must still brief the issues and reasonably comply" with the relevant

---

[2] As previously noted, this is Defendant's second motion pursuant to § 2255. While his appeal was pending, Defendant filed a motion in this Court challenging his § 924(c) conviction, which he styled as a Motion for Resentencing Pursuant to the All Writs Act, 28 U.S.C. § 1651. R. Doc. 137. The Government opposed relief. R. Doc. 141. Because the relief Defendant requested fell within the substantive gambit of 28 U.S.C. §2255, the Court construed the motion as a petition for relief under § 2255. R. Doc. 147 at 2. The Court denied Defendant's challenge to his § 924(c) conviction because the predicate offense for the 924(c) violation was a substantive robbery, not a conspiracy offense, which might have raised issues under the Supreme Court's ruling in *United States v. Davis*, 588 U.S. 445 (2019). R. Doc. 147 at 2-3.

rules of civil procedure. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). Additionally, "even for *pro se* plaintiffs ... 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice' to state a claim for relief." *Coleman v. Lincoln Parish Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

Title 28 U.S.C. § 2255 permits a federal prisoner to file a motion to vacate, set aside, or correct a sentence on the grounds that (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." § 2255(a). However, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Rather, "Section 2255 provides recourse only 'for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994) (quoting *United States v. Perez*, 952 F.2d 908, 909 (5th Cir. 1992)).

A petitioner "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (quoting *Frady*, 456 U.S. at 168 (1982)). Except in "extraordinary cases involving manifest miscarriages of justice, a collateral attack requires showing both cause and actual prejudice even when alleging a fundamental constitutional error."

4

*United States v. Waguespack*, 2025 WL 943375, * 6 (M.D. La. Mar. 27, 2025) (citations omitted

and cleaned up).

Motions filed under § 2255 are subject to a one-year statute of limitations:

> The limitation period shall run from the latest of— (1) the date on which
> the judgment of conviction becomes final; (2) the date on which the impediment to
> making a motion created by governmental action in violation of the Constitution or
> laws of the United States is removed, if the movant was prevented from making a
> motion by such governmental action; (3) the date on which the right asserted was
> initially recognized by the Supreme Court, if that right has been newly recognized
> by the Supreme Court and made retroactively applicable to cases on collateral
> review; or (4) the date on which the facts supporting the claim or claims presented
> could have been discovered through the exercise of due diligence.

§ 2255(f).

"A § 2255 movant is entitled to a hearing '[u]nless the motion and the files and records of

the case conclusively show that the prisoner is entitled to no relief' on his underlying claims."

*United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018) (quoting § 2255(b)). However, if

the motion, files, and records conclusively show that the petitioner is not entitled to relief, the

petitioner is not entitled to a hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir.

1998) (citing *United States v. Smith*, 844 F.2d 203, 208 (5th Cir. 1988) (per curiam)).

The Government in its response contends that, even with the generous reading afforded to

pro se litigants, Defendant's petition fails to assert a colorable claim for relief. The Court agrees.

In the first ground, Defendant argues the statutory text of Section 924(c) contains two

distinctive crimes that both incorporate use and possession. Section 924(c) does prohibit both the

use and carrying of a firearm during and in relation to a crime of violence/drug trafficking crime,

and the possession of a firearm in furtherance of a crime of violence/drug trafficking crime. But as the Government points out, the Indictment alleges Defendant and Parsons "did knowingly use, carry, brandish, and discharge firearms during and in relation to a crime of violence." R. Doc. 1 at 3. The Indictment did not charge the possession-in-furtherance part of the statute, and in the factual basis Defendant admitted he used, brandished, and discharged a gun during and in relation to the armed robbery. R. Doc. 75. Thus, the record is clear that Defendant was charged with a valid offense under federal law and pleaded guilty to it.

In his second ground, Defendant asserts that to be convicted and prosecuted for conspiracy, a defendant must have congregated or assembled more than one time. R. Doc. 149 at 5. However, as the Government points out, that assertion is not supported by the law. The gist of the crime of conspiracy "is the agreement or confederation of the conspirators to commit one or more unlawful acts where one or more of such parties do any act to effect the object of the conspiracy." *Braverman v. United States*, 317 U.S. 49, 53 (1942). Here, Defendant admitted that he committed jointly undertaken criminal activity with Parson and at least another person (the driver), which is sufficient to sustain a conviction for conspiracy to commit armed robbery.

In grounds three and four, Defendant asserts that, any time a defendant is sentenced under a misinterpretation of a federal statute, he can assert a claim of actual innocence. R. Doc. 149 at 7-8. The Government suggests that these grounds are intended to prevent it from asserting that Defendant procedurally defaulted his § 2255 claims. R. Doc. 151, p. 6. But as previously noted, the Government has recommended the Court reach the merits of his § 2255 motion rather than

default it. And this Court has agreed to do so. Accordingly, Defendant need not assert or establish an "actual innocence" claim to overcome any default with regard to the instant § 2255 motion.

Moreover, with regard to grounds one and two, Defendant has not failed to establish a valid reason why he did not raise these issues on direct appeal, other than saying it came to him later in prison when he had access to law books. "[A] collateral challenge may not do service for an appeal." *Frady*, 456 U.S. at 165. Instead, "Section 2255 provides recourse only 'for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Smith*, 32 F.3d at 196 (quoting *Perez*, 952 F.2d at 909). To allege any one of these issues in a collateral attack, Defendant must show either (1) that there has been a "manifest miscarriage of justice" or (2) both cause for his failure to raise the issues on appeal and prejudice resulting from the errors he alleges. *Shaid*, 937 F.2d at 232 (internal citations omitted). He has not shown either a manifest miscarriage of justice or cause and prejudice. Defendant may not, therefore, raise these issues in a collateral attack.

CONCLUSION

Accordingly, Defendant Richard Sansbury's Motion to Vacate Pursuant to 28 U.S.C. § 2255 (R. Doc. 149) is DENIED. Defendant has failed to show "transgressions of constitutional rights" or "other injur[ies] that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Smith*, 32 F.3d at 196. He has furthermore failed to show either cause or prejudice for the errors he alleges.

7

Because the Court finds that Defendant makes no substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal from this decision would not be taken in good faith and therefore should not be taken *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

The Clerk of Court is DIRECTED to mail Petitioner a copy of this Order by any receipted means at the address indicated in his most recent filing.

New Orleans, Louisiana, this 7th day of April 2025.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE

8